```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
```
| | | |
|---|---|---|
| LAQUANA CAMPOS, on behalf of herself and her minor child, K.C.; TOSHA ADAM; NORMAN MARSH; and BETTI RODNYANSKAYA, individually and on behalf of all persons similarly situated, | : : : : : : : : : : : : : : : : : | **ORDER**<br><br>No. 21 Civ. 5143 (VMS) |
| Plaintiffs, | | |
| -against- | | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | | |
| Defendant. | | |

```
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

## I.      INTRODUCTION

Plaintiffs LaQuana Campos (on behalf of herself and her minor child, K.C.), Tosha Adams, Norman Marsh, and Betti Rodnyanskaya (together, "Named Plaintiffs"), brought a Motion for Certification of Settlement Class and Final Approval of Class Action on behalf of themselves and a class of all current and future recipients of Supplemental Security Income ("SSI") (together, "Plaintiffs").  Motion, ECF No. 53.  With the consent of Defendant Kilolo Kijakazi ("Defendant") (collectivity with Plaintiffs, the "Parties") in Defendant's capacity as the Acting Commissioner of the Social Security Administration (the "SSA" or the "Agency"), Plaintiffs ask for this Court's final approval of the Parties' proposed Stipulation of Settlement (the "Settlement Agreement" or the "Agreement"), ECF No. 55-1, and related relief set forth in Named Plaintiffs' Memorandum of Law in Support of a Motion for Certification of Settlement Class and Final Approval of Class Action.  Memorandum of Law, ECF No. 54.

The Parties ask that this Court: (1) certify a settlement class consisting of: (i) all individuals with a March-September 2020 manual SSI overpayment ("SSI Overpayment"); (ii) all individuals with an SSI Overpayment debt incurred for any months between March 2020 and September 2020 that was identified through automated processes; (iii) and all individuals with an SSI Overpayment debt incurred for any months between October 2020 and April 2023; (2) appoint the New York Legal Assistance Group ("NYLAG"), Justice in Aging, and Arnold & Porter Kaye Scholer LLP as class counsel ("Plaintiffs' Counsel" or "Counsel") and Named Plaintiffs as class representatives; (3) approve the Parties' Settlement Agreement without requiring a pre-approval notice to the putative class members; and (4) grant Named Plaintiffs $268,000 in attorneys' fees and $2,702 in costs to Plaintiffs' Counsel, as stipulated in the Settlement Agreement. ECF No. 54 at 45-46.

Having considered all submissions and arguments before it, the Court finds that it lacks sufficient evidence to determine the reasonableness of Counsel's attorneys' fees to grant final approval of the Settlement Agreement. The Court requests that Plaintiffs submit the evidence requested below as soon as practical.

## II. BACKGROUND

The following facts are drawn from the Complaint and are accepted as true solely for the purposes of this motion. Complaint, ECF No. 1. The Federal SSI program provides income support to low-income individuals of ages 65 or older or who are blind or disabled. Id. ¶ 24; 42 U.S.C. § 1381. To benefit from SSI, these individuals must meet strict income and resource limits each month, and they must promptly report any changes in their finances to the SSA. Unreported income change may prompt the SSA to recover SSI benefits that the Agency believes it overpaid to those recipients. Id. ¶ 5.

In March 2020, following the Government's National Emergency Proclamation in response to the first outbreak of the COVID-19 pandemic, the SSA closed its field offices, impeding SSI recipients' ability to report income changes to the SSA. In August 2020, recognizing the difficulties created by the ongoing pandemic, the SSA issued an interim final rule entitled Waiver of Recovery of Certain Overpayment Debts Accruing during the COVID-19 Pandemic Period, Fed. Reg. Vol. 85. No. 167, 52909-52915, Aug 27, 2020 (the "Rule" or the "IFR"). Id. ¶¶ 4, 9.

In their Complaint dated September 15, 2021, Named Plaintiffs contend that while the IFR intended to bring relief to SSI recipients, the Rule "contains numerous arbitrary limitations on when a recipient qualifies for the streamlined waiver" and that the "arbitrary limitations on the IFR's applicability have resulted in many SSI recipients being assessed overpayments and thus experiencing unfair and improper benefit reductions, causing substantial harm." Id. ¶ 4.

Following nearly two years of negotiations, the Parties filed their proposed Settlement Agreement with the Court. Settlement Agreement, ECF No. 55-1. The Settlement Agreement seeks injunctive and declaratory relief, including attorneys' fees and additional costs for Plaintiffs' Counsel. Regarding attorneys' fees and costs, the proposed Settlement Agreement provides that "the Parties agree that the amount of $268,000.00 . . . as attorneys' fees and $2,702.00 . . . as costs will be awarded to Class Counsel, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and will be paid to New York Legal Assistance Group (NYLAG)." Id. ¶ 12.

### III.   DISCUSSION

#### A. Attorneys' Fees

The Settlement Agreement provides for $268,000 in attorneys' fees and $2,702 in costs to Counsel to satisfy Plaintiffs' claim for reasonable attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). ECF No. 54 at 43; 28 U.S.C. § 2412.

##### 1.   Legal Standard

The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Caplash v. Nielsen, 294 F. Supp. 3d 123, 128 (W.D.N.Y. 2018) (quoting Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 302–03 (2d Cir. 2011)).

In order to recover attorneys' fees under the EAJA, the application for such fees must show: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Chadirjian v. Berryhill, 17 Civ. 1476 (CBA), 2022 WL 4112203, at *2 (E.D.N.Y. Jan. 18, 2022) (citing Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990)).

The EAJA statute also requires a showing that the petitioning party has met the appropriate "net worth" requirements. 28 U.S.C. § 2412(d)(2)(B). "In order to satisfy the net worth requirement under EAJA, an individual party's net worth must not exceed $2,000,000 at the time the lawsuit was filed. If the party is a business owner, corporation, or organization, the

4

party must establish that it did not have more than 500 employees and its net worth did not exceed $7,000,000 at the time the lawsuit was filed. 28 U.S.C. § 2412(d)(2)(B).

Courts only review these standards when they are in dispute. See Santos v. Astrue, 752 F. Supp. 2d 412, 415 (S.D.N.Y. 2010); Jean, 496 U.S. at 158 (finding that "[o]nly the application of the 'substantially justified' condition is at issue[.]").

According to Plaintiffs, "Defendant takes no position at this time on whether Plaintiffs meet the criteria for entitlement to fees pursuant to EAJA but, in order to settle this matter, Defendant has voluntarily agreed to the proposed fee award in connection with settlement." ECF No. 54 at 43. The SSA does not contest that Plaintiffs are the prevailing parties, that the SSA was not substantially justified, that Plaintiffs meet the net worth criteria and are entitled to attorneys' fees. The SSA does not object to the hourly rates sought by the Plaintiffs under 28 U.S.C. § 2412(d)(2)(a). See Barbour v. Colvin, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014). Thus, the Court will only address Plaintiffs' calculation of attorneys' fees.

### 2. Fee Calculation

The Court's responsibility is "to guarantee that the hours are not excessive, redundant, or unnecessary." Luessenhop v. Clinton Cnty., N.Y., 558 F. Supp. 2d 247, 267 (N.D.N.Y. 2008). "Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." Colegrove v. Barnhart, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006). Courts award attorneys' fees in excess of the routine twenty to forty hours spent on social security cases "where the facts of the specific case warrant such an award. When awarding EAJA fees in excess of 40 hours, courts may look to the size of the administrative record, the complexity of the case, the counsel's experience with the type of case at issue, and whether the counsel represented the claimant during the administrative proceedings."

Chadirjian, 2022 WL 4112203, at *3.

"The requirement that attorneys support their fee requests with contemporaneous time records is a 'hard-and-fast-rule' with only rare exceptions." Kottwitz v. Colvin, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (citing Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011)). Second Circuit courts usually require time records of the work performed to support the application for attorneys' fees under the EAJA. See id.; see also Kirsch v. Fleet Street Ltd., 148 F.3d 149, 173 (2d Cir. 1998); and see Mar Oil, S.A. v. Morrisey, 982 F.2d 830, 841 (2d Cir. 1993) (finding that "[w]here adequate contemporaneous [time] records have not been kept, the court should not award the full amount requested."). The Court of Appeals has stated that contemporaneous time records should "specify, for each attorney, the date, the hours expended, and the nature of the work done. A recreation of time records based on documents, calendars and other extrinsic evidences is insufficient. Contemporaneous records of work performed is not enough; an attorney must maintain contemporaneous records of the time expended performing such work as well." Kottwitz, 114 F. Supp. 3d at 150 (internal citations & quotations omitted) (emphasis in original). Second Circuit courts have approved a methodology that parses attorneys' fees into categories corresponding to various phases of the case." See Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994); see also Lake v. Schoharie Cnty. Com'r of Soc. Services, No. 9:01 Civ. 1284 (NAM) (DEP), 2006 WL 1891141, at *6 (N.D.N.Y. May 16, 2006) (accepting plaintiffs' time entries after careful examination of the detailed itemized records). "[T]he party need not show in great detail how each minute of [counsel's] time was expended, but the court should be able to glean the general subject matter of the time expenditure from the records. What is critical is that there is an adequate basis to determine the reasonableness of the claimed hours." Luessenhop, 558 F. Supp.

6

2d at 267-68 (internal citations & quotations omitted).

### a. Analysis

The Parties' Settlement Agreement provides for $268,000 in attorneys' fees and $2,702 in costs to Counsel. Settlement Agreement ¶ 12. Plaintiffs contend that the "ten primary timekeepers in this action" performed more than 1,500 hours of work in this case. ECF No. 54 at 43. Plaintiffs did not provide this Court with a detailed time record itemizing the tasks and hours Counsel performed to litigate this case. While a typed attorney's affidavit may satisfy the record requirement, the affidavit should include an itemized statement of the attorneys' time. See Luessenhop, 558 F. Supp. 2d at 267. Here, Plaintiffs filed a written affidavit from Danielle Tarantolo, the Director of the Special Litigation Unit at the NYLAG, which includes a single paragraph describing the nature of Counsel's work. ECF No. 55 ¶ 20. Ms. Tarantolo's declaration is as follows:

> Class Counsel spent a tremendous amount of time and effort in this litigation. Class Counsel performed hundreds of hours of work on the litigation portion of this case. This litigation work included interviewing, collecting documents from, and providing information to Named Plaintiffs and other Class Members; conducting extensive research tremendous amount of factual and legal investigation to support the Class Members' claims; speaking with other advocates; developing legal claims; filing an exceedingly detailed Complaint; filing a robust preliminary injunction and provisional class certification motion and reply brief; and filing numerous status reports.

Id. Ms. Tarantolo's written description of the work Counsel performed does not provide this Court with even a general sense of how many hours Counsel spent on each subject matter. This Court has been privy to the "tremendous amount of time and effort" Counsel spent on this litigation. It is aware that Plaintiffs brought this matter over two years ago, see Complaint, and that this case involves unprecedented circumstances due to the COVID-19 pandemic. The Court

is also aware that the Parties have engaged in well over a year of settlement discussions. Yet, the content of Ms. Tarantolo's declaration is not "an adequate basis to determine the reasonableness of the claimed hours." Luessenhop, 558 F. Supp. 2d at 267.

### IV.  CONCLUSION

After carefully reviewing the entire record in this matter, the Parties' submissions, Settlement Agreement and the applicable law, and for the reasons set forth herein, the Court hereby requests that as soon as possible,

Plaintiffs submit either of the following: (1) complete, unredacted time records of Plaintiffs' counsel's work throughout this litigation; or (2) complete, redacted time records of Plaintiffs' counsel's work throughout this litigation and a written declaration from lead counsel confirming the content of these records. Each attorney's time records should state the attorney's name, role, the nature of the work performed, the number of hours spent on each task and the total cost for this work. Plaintiffs' counsel shall explain any reduction in hours for which they seek compensation.

Dated: October 27, 2023
      Brooklyn, New York

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

8