UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
LAQUANA CAMPOS, on behalf of herself and :
her minor child, K.C.; TOSHA ADAM; :
NORMAN MARSH; and BETTI :
RODNYANSKAYA, individually and on behalf :
of all persons similarly situated, :  No. 21 Civ. 5143 (VMS)
 :
          Plaintiffs, :
 :
  -against- :
 :
KILOLO KIJAKAZI, Acting Commissioner of :
Social Security, :
 :
          Defendant. :
 :
-------------------------------------------------------------- X

## ORDER CERTIFYING SETTLEMENT CLASS
## AND GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

**Vera M. Scanlon, United States Magistrate Judge:**

This matter comes before the Court on the motion of Plaintiffs LaQuana Campos (on behalf of herself and her minor child, K.C.), Tosha Adams, Norman Marsh, and Betti Rodnyanskaya (together, "Named Plaintiffs"), on behalf of themselves and putative Class Members, with the consent of Defendant Kilolo Kijakazi[1], in her capacity as the Acting Commissioner of the Social Security Administration ("the Agency"), for final approval of the Stipulation of Settlement ("the Settlement Agreement") and related relief, for the reasons stated in the accompanying Memorandum of the Court at ECF No.62.

**NOW IT IS HEREBY ORDERED AS FOLLOWS:**

1. <u>Definitions</u>.  For the purposes of this Order, the Court adopts by reference the definitions set forth in Paragraph 1 of the Settlement Agreement.

---

[1] Defendant's consent should not be construed as its adoption or endorsement of allegations and arguments advanced by Plaintiffs that relate to the substantive merits of this case.

2. <u>Certification of the Class</u>.  The Court finds that the proposed Settlement class meets the requirements set forth in Rules 23(a) and 23(b)(2), and hereby:

   (a) Certifies under Fed. R. Civ. P. 23(b)(2), for purposes of the proposed Settlement only, a class consisting of:

   i. all individuals with a March-September 2020 Manual SSI Overpayment, and

   ii. all individuals with an SSI Overpayment debt incurred for any months between March 2020 and September 2020 that was identified through automated processes, and all individuals with an SSI overpayment debt incurred for any months between October 2020 and April 2023.

   (b) For the purposes of the proposed Settlement, appoints LaQuana Campos, on behalf of herself and her minor child, K.C., Tosha Adams, Norman Marsh, and Betti Rodnyanskaya as the Class Representatives; and

   (c) For the purposes of the proposed Settlement, appoints the New York Legal Assistance Group, Arnold & Porter Kaye Scholer, LLP, and Justice in Aging as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

3. <u>Settlement Approval</u>:  The Court finally approves the proposed Settlement as set forth in the Settlement Agreement as providing sufficiently fair, reasonable, and adequate relief to the Class for the reasons stated in the Memorandum at ECF No.62.  Specifically, the Court finds that:

   (a) The relief for Class Members with March-September 2020 Manual SSI Overpayments, detailed in Paragraph 2 of the Settlement Agreement, is fair, reasonable and adequate; and

    (b)  The relief for Class Members with October 2020-April 2023 SSI Overpayments and Class Members with March 2020–September 2020 SSI Overpayments identified through Automated Processes (i.e., all other Class Members), detailed in Paragraph 3 of the Settlement Agreement, is fair, reasonable, and adequate.

4. <u>Approval Without Prior Notice To Class Members</u>: For the reasons set forth in the Court's Accompanying Memorandum, the Settlement Agreement is finally approved without prior notice to the Class Members. Specifically, the Settlement provides complete relief to Class Members with March-September 2020 Manual SSI Overpayments (excluding overpayments that resulted from fraud, similar fault, or misuse of benefits by a representative payee); one part of the substantive relief provided by the Settlement to all other Class Members is itself notice, rendering pre-approval notice duplicative; nothing in this Settlement Agreement limits, restricts, or releases any Class Member's right to request individual relief in connection with any Overpayment; the Complaint seeks only injunctive and declaratory relief; there is no evidence of collusion between the Parties; pre-approval notice would delay relief provided by the Settlement; and pre-approval notice would be unnecessarily expensive and resource-intensive and risk eviscerating the Settlement Agreement.

5. <u>Released Claims</u>: Consistent with the Settlement Agreement:

(a) Except as described in Paragraph 5(b) below, Plaintiffs, on their own behalf, and on behalf of their representatives, assignees, heirs, executors, family members, beneficiaries, administrators, successors, and anyone acting, or claiming to act on their behalf, hereby release and forever discharge, and hold harmless, the United States of America, its agencies, officers, and employees including the Agency and its past and present commissioners, officers, employees, agents, officials, contractors, and representatives (collectively the "Released Parties"), from, and are hereby forever barred and precluded from bringing, filing or prosecuting, any and all claims and causes of action, known and unknown, asserted and unasserted, direct and indirect, and of any kind, nature or description whatsoever, arising out of the facts, claims or allegations set forth in the complaint filed in this action or that could have been brought in this action.  Plaintiffs shall be forever barred and enjoined from bringing, filing or prosecuting any claim against any of the Released Parties unless it falls outside the scope of this release.

(b) Nothing in this Order or the Settlement Agreement shall limit, restrict, or release any Class Member's right to request individual relief in connection with any Overpayment, including, but not limited to, relief sought through a request for waiver or reconsideration or any administrative or judicial appeal thereof, consistent with applicable laws, regulations, and Agency policy.

6. <u>Attorneys' Fees And Costs</u>:  Pursuant to Paragraph 12 of the Settlement Agreement, Class Counsel are hereby awarded attorneys' fees in the amount of $268,000.00 (two hundred sixty-eight thousand dollars and zero cents) and costs in the amount of $2,202 (two thousand two-hundred and two dollars and zero cents) pursuant to the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412. The Court finds that the attorneys' fees and costs (excluding the pro hac vice fees) are fair and reasonable.

7. Dismissal with Prejudice: This Action shall be dismissed with prejudice pursuant to the terms

 of the Settlement Agreement.

8. Retention of Jurisdiction: Pursuant to Paragraphs 9(b) and 10 of the Settlement Agreement, the Court shall retain jurisdiction for the purpose of enforcing the terms of this Settlement Agreement until one (1) year after the Agency has provided Plaintiffs with the reports of completion of its settlement obligations as detailed in Paragraph 7(b) of the Settlement Agreement.

**SO ORDERED.**

Dated: November 20, 2023
      Brooklyn, New York

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

6